**CHALFANT v. O'TOOLE, Collector of Internal Revenue.**

**No. 3028.**

District Court, W. D. Pennsylvania.

April 27, 1935.

William G. Heiner, of Pittsburgh, Pa., and Burnside, Moninger & Burnside, of Washington, Pa., for plaintiff.

Horatio S. Dumbauld, U. S. Atty., and Orris Bennett, Sp. Asst. to U. S. Atty., both of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The plaintiff has filed a bill of complaint wherein he prays the court to direct the defendant to accept $500 in full settlement of plaintiff's income tax liability for 1929; that the defendant be also directed to release all liens on plaintiff's property; and further that defendant be enjoined and restrained from attempting to collect any tax liability in excess of $500. The defendant has moved to dismiss the bill.

The bill in substance alleges that the Commissioner of Internal Revenue, on July 25, 1932, made a deficiency assessment of $1,405.57 upon plaintiff; the assessment being based upon alleged tax liability for the year 1929. On September 15, 1932, plaintiff filed his appeal with the Board of Tax Appeals. On October 3, 1933, the case was called for trial before the Board of Tax Appeals. The Commissioner was represented by counsel, but plaintiff did not have counsel and

appeared on his own behalf. Immediately prior to the call of the case, plaintiff and the Commissioner's counsel conferred in respect to the matter, and the attorney for the Commissioner advised plaintiff that his proper procedure was by an offer in compromise, and stated that in view of the plaintiff's financial difficulties he (counsel) could "practically assure" the acceptance of such an offer by the Commissioner. Plaintiff agreed to submit such an offer and to have his case dismissed. Later he submitted an offer of compromise which was rejected by the Commissioner. He then sought to have his case re-established before the Board of Tax Appeals. This motion was denied. He then filed another offer in compromise, which offer was again rejected by the Commissioner.

Section 3224, Rev. St. (26 USCA § 1543), is as follows: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Plaintiff's counsel seeks to overcome the effect of this statutory provision by calling attention to two cases decided by the United States Supreme Court wherein the court held that under certain extraordinary and exceptional circumstances the statute did not apply. His contention is that the circumstances of this case are such as to bring the plaintiff within the purview of the cases cited. It is alleged in the bill that the plaintiff was not an attorney at law and did not know, when before the Board of Tax Appeals, that his case might have been continued pending a motion in compromise rather than dismissed. Counsel urges that plaintiff's ignorance of the law joined to the advice of Commissioner's counsel furnished the extraordinary and exceptional circumstances sufficient to take his case out of the purview of section 3224, Rev. St., asserting that by reason of such ignorance and advice he was deprived of his day in court and of the ability to have his claim adjudicated.

Plaintiff's whole case is based upon his alleged ignorance in respect to procedure which led him to consent to a dismissal of his appeal before the Board, when he might have asked a continuance. He was not deceived in respect to the fact that the offer in compromise could be accepted only upon the action of others than the Commissioner's counsel, and knowingly submitted himself to the action of such officials. Counsel for the Commissioner, however good his intentions, may have been indiscreet in advising an opposing party who was unrepresented by counsel. It is questionable, however, if plaintiff was not equally indiscreet in accepting such advice. Be that as it may, neither the indiscretion of a subordinate nor the ignorance of the claimant, nor both joined, will take the place of the approvals of the officials required by statute before an offer in compromise may be accepted. To grant the prayers of the bill would be tantamount to an assumption by the court of the power conferred upon, and limited to, the Commissioner of Internal Revenue, with the advice and consent of the Secretary of the Treasury. See section 3229, Rev. St. (26 USCA § 158). The bill itself recognizes the fact that this court may not review the tax assessment and determine the exact amount of tax due.

The plaintiff had his day in court, but knowingly waived it. His ignorance of the possibility of a continuance—and it was only a possibility—and the failure of the Commissioner's counsel to advise him of the possibility, do not present such extraordinary and exceptional circumstances as would justify the court in adding to the very few exceptions to the provisions of section 3224, Rev. St.

The bill will be dismissed.